**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4240

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ANTHONY TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:12-cr-00043-MFU-1)

Submitted:  December 19, 2023                          Decided:  December 21, 2023

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Juval O. Scott, Jr., Federal Public Defender, Charlottesville, Virginia, Randy V. Cargill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Anthony Taylor appeals from his 240-month sentence, imposed at resentencing. On appeal, Taylor asserts that the sentencing judge gave undue consideration to the judgment imposed by a different judge at Taylor's original sentencing hearing. Finding no error, we affirm.

In 2013, a jury convicted Taylor of two counts of attempted Hobbs Act robbery and one count of possessing or using a firearm in furtherance of one of the robberies, in violation of 18 U.S.C. § 924(c).[*] The district court sentenced Taylor to imprisonment for 336 months, consisting of 252 months for each robbery to run concurrently and 84 months for the firearm count to run consecutively. We affirmed the convictions and sentence. *United States v. Taylor*, 754 F. 3d 217 (4th Cir. 2014), *aff'd,* 579 U.S. 301 (2016).

Taylor thereafter filed a 28 U.S.C. § 2255 motion seeking to reverse his firearm conviction, arguing that his Hobbs Act robbery offense was not a valid predicate offense to support his conviction under § 924(c). Following rejection of the motion by the district court, the Government agreed that attempted Hobbs Act robbery does not qualify as a valid predicate offense under § 924(c). *See United States v. Justin Taylor*, 142 S. Ct. 2015, 2025-26 (2022). Thus, we granted the Government's motion to remand, vacated Taylor's sentence, and remanded the case for resentencing.

---

[*] The original judgment showed two convictions for Hobbs Act conspiracy. The district court later corrected its clerical error and amended the judgment to indicate convictions for substantive Hobbs Act robberies. However, the parties now agree that Taylor was convicted of attempted Hobbs Act robberies.

On remand, the district court, without objection, calculated a Sentencing Guidelines range of 235-293 months in prison and noted that the statutory maximum for each Hobbs Act robbery conviction was 240 months. The Government sought reimposition of the 336-month sentence, to be accomplished by running the two Hobbs Act robbery sentences partially consecutive. The Government relied on the undisputed heinous and violent nature of the underlying crimes and Taylor's serious criminal history prior to the offenses of conviction. Taylor sought a sentence of 120 months, citing his post-offense remorse and rehabilitation and the shorter sentences of his codefendants.

The district court considered at length the parties' arguments and the sentencing factors. While doing so, the court briefly mentioned that the lengthy sentence imposed at Taylor's first sentencing was "reflective of the crime." (J.A. 167). The court also noted that, in choosing to run the sentences concurrently, he was "going to do the same thing [the prior judge] did, who heard the trial in this case." (J.A. 176).

We find that the court properly and adequately assessed the sentencing factors and explained its reasoning for imposing the within-Guidelines sentence. The court explicitly balanced Taylor's mitigating arguments against his violent offense conduct, his criminal history, and the court's obligation to protect the public interest. The district court considered the original sentencing court's reasoning and conclusions only in passing and in further support of its conclusions regarding the severity of the underlying crimes. In addition, the court did not consider the original sentence as an "initial benchmark" at Taylor's resentencing. *See United States v. Abed,* 3 F.4th 104, 118 (4th Cir. 2021) (approving consideration of prior sentencing when it sheds light on appropriate sentencing

3

factors).  Accordingly, any mention of the original sentencing court's conclusions did not render Taylor's sentence either substantively or procedurally unreasonable.  *See Gall v. United States,* 552 U.S. 38, 51 (2007) (standard of review).

As such, we affirm Taylor's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*